UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
    Plaintiff,　　　　　　　　　　　　　　　　Case No. 1:23-CV-340 (TJM/ATB)

    v.

ANTHONY I. ODIMEGWU,
    Defendant,

THE VANGUARD GROUP, INC.,
    Garnishee, and

EBELECHUKWU B. ODIMEGWU,
    Third-Party Defendant.
_____

MELISSA O'BRIEN ROTHBART, Asst. U.S. Attorney, for Plaintiff
ANTHONY I. ODIMEGWU, Pro Se Defendant and Claimant
EBELECHUKWU B. ODIMEGWU, Pro Se Third-Party Defendant and Claimant

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

## I. Background[1]

On April 20, 2017, defendant, Anthony I. Odimegwu (hereinafter "the defendant"), pleaded guilty to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). (Case No. 1:17-CR-62 (hereinafter "Criminal Dkt."), Dkt. No. 23 at 1). On September 10, 2018, Hon. Thomas J. McAvoy, Senior U.S. District Judge, sentenced defendant, ordering him, inter alia, to pay restitution to

---

[1] The government's letter brief includes a more detailed statement of the background of the matter now before this court. (Case No. 1:23-CV-340, Dkt. No. 13, at 1-3).

the victims of his crime in the amount of $215,200.00.  (*Id*. at 2-3, 6).

On March 17, 2023, this court granted the government's application to issue a writ of garnishment against the defendant's property held by the Vanguard Group, Inc. (hereinafter "Vanguard" or "the garnishee"), as payment for defendant's restitution balance.  (Case No. 1:23-CV-340 (TJM/ATB) (hereinafter "Civil Dkt."), Dkt. No. 3).  Following required service of the writ (Civil Dkt. No. 7), Vanguard filed its answer on April 7, 2023, stating that it was in possession of a 401(k) retirement account containing defendant's funds with a balance of $330,161.34 (Civil No. 8 at 6).

The government thereafter served, on the defendant and a potentially-interested third-party–plaintiff's estranged wife, Ebelechukwu B. Odimegwu–the writ, the garnishee's answer, and other required process, including the Clerk's Notice of Writ of Continuing Garnishment, which provided instructions regarding possible exemptions to garnishment and the right of claimants to file objections and request a hearing.  (Civil Dkt. Nos. 1-3, 6-1, 9, 10).  On May 5, 2023, third-party defendant Ebelechukwu B. Odimegwu (hereinafter "third-party defendant") filed an objection to the government's writ of garnishment directed at Vanguard  and a request for hearing to address her objection.  (Civil Dkt. No. 12).  On May 11, 2023, defendant filed a similar objection to the government's writ of garnishment and a request for hearing. (Civil Dkt. No. 11).  On May 24, 2023, the government filed a letter brief requesting that the court reject the objections of the defendant and third-party defendant to the writ of garnishment and deny their requests for a hearing.  (Civil Dkt. No. 13).

This matter has been referred to me for Report and Recommendation by the

2

Judge McAvoy, Senior U.S. District Judge. (Dkt. No. 17). For the reasons set forth below, this court recommends that Judge McAvoy reject the objections to the writ of garnishment, deny the requests for a hearing, and issue an Order of Garnishment directing the garnishee to turn over to the government funds under Vanguard's control.

## II. Applicable Law[2]

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663, et seq. (hereinafter "MVRA") governs sentencing in federal criminal cases. Under the MVRA, the government may enforce ordered restitution against all property and rights to property owned by the defendant. *See* 18 U.S.C. § 3613(a); 18 U.S.C. §§ 3613(f), 3664(m)(1) (government enforces restitution in the same manner as a criminal fine). Furthermore, an order of restitution constitutes a lien in favor of the United States against all property and rights to property of the defendant. *See* 18 U.S.C. § 3613(c). Section 3613 sets forth the procedures for the government to collect criminal financial judgments, such as restitution and criminal fines. That statute authorizes the government to enforce such debts in accordance with the practices and procedures under federal and state law for the enforcement of a civil judgment. *See* 18 U.S.C. § 3613(a); 18 U.S.C. §§ 3613(f), 3664(m)(1)(A) (Section 3613 procedures apply to enforcement of restitution).

The Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq. (hereinafter "FDCPA"), also provides the exclusive remedies for the government to

---

[2] The statement of applicable law draws heavily from the government's letter brief.

3

collect a judgment on a debt, including restitution and criminal fines. See 28 U.S.C. §§ 3001(a), 3002(3).  The government may enforce restitution through a writ of garnishment under the FDCPA.  *See* 28 U.S.C. § 3205(c); *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("The government may enforce restitution orders arising from criminal convictions using the practices and [civil] procedures for the enforcement of a civil judgment under federal or state law as set forth in the [FDCPA]" including garnishment).

Courts throughout the country, including the Second Circuit, have consistently held that the government is entitled to garnish retirement funds to collect criminal restitution.  *See, e.g., United States v. Shkreli*, 47 F.4th 65, 68 (2d Cir. 2022) ("[W]e hold that the MVRA permits the Government to garnish Greebel's retirement funds to compensate the victims of his crimes, notwithstanding the Employee Retirement Income Security Act of 1974 ("ERISA")'s anti-alienation provision."), *cert. denied sub nom. Greebel, Evan V. United States*, No. 22-583, __ U.S. __, 2023 WL 3696133 (U.S. May 30, 2023); *United States v. Hotte*, No. 97-CR-669, 2007 WL 2891313, at *3 (E.D.N.Y. Sept. 28, 2007) ("[C]ourts have repeatedly held that . . . provisions of ERISA and the Internal Revenue Code . . . that generally preclude the assignment or alienation of pension benefits . . . do not apply to the United States in its efforts to collect on a judgment of restitution" from retirement accounts) (collecting cases). "[T]he Government, in seeking garnishment, steps into the defendant's shoes, 'acquir[ing] whatever rights the [defendant] himself possesses.'" *United States v. Shkreli*, 47 F.4th at 73 (citing, inter alia, *United States v. Nat'l Bank of Comm.*, 472

4

U.S. 713, 725 (1985)).

18 U.S.C. § 3613(a)(1) lists the types of property that are deemed exempt from garnishment for purposes of enforcing restitution. In particular, Section 3613 provides that the government may enforce restitution against a defendant's property, except for ten of the thirteen exempt categories listed in the Internal Revenue Code, 26 U.S.C. § 6334(a). The defendant and third-party defendant claim an exemption from garnishment based on only one applicable category, described in the statute as follows:

> Judgments for support of minor children.--If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

26 U.S.C. § 6334(a)(8).

28 U.S.C. § 3202 of the FDCPA provides that the defendant in a garnishment action may request a hearing. However, the issues at such a hearing are limited by this statute. In particular, Section 3202(d) provides, in pertinent part:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. . . The issues at such hearing shall be limited –
>     (1) to the probable validity of any claim of exemption by the judgment debtor;
>     (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and
>     (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –
>         (A) the probable validity of the claim for the debt which is merged in the judgment; and
>         (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202.  No hearing is required where a party fails to object based on one of the issues specified in 28 U.S.C. § 3202(d), "where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation."  *United States v. Montijo*, No. 17-CR-0518, 2021 WL 2470507, at *4 (S.D.N.Y. May 19, 2021) (citations omitted); *United States v. Jenkins*, No. 6:15-CV-0018 (GTS/TWD), 2015 WL 5023731, at *5 (N.D.N.Y. Aug. 25, 2015) (colorable claim to exemption required for hearing); *United States v. Reuter*, 849 F. App'x 382, 384 (3d Cir. 2021) (affirming entry of garnishment order without a hearing).

> The garnishment statute also provides:
>
> (7) Disposition order.— After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as is practicable.

28 U.S.C. § 3205(c)(7).  If a hearing request is denied, the court may proceed to enter an order directing the garnishee as to the disposition of the garnished property.  *See United States v. Montijo*, 2021 WL 2470507, at *4.

### III.  <u>Analysis</u>

As noted, the only basis for the objections to garnishment in this case is the claim that the exemption for judgments for support of minor children applies.  The defendant and third-party defendants have not raised any issues regarding the government's failure to comply with the requirements of the garnishment statute, and the government has documented its compliance with those requirements.  (United

States' Opposition to Objections, at 2-3, 5, Civil Dkt. No. 13).

The objections of the defendant and third-party defendant claim that the funds in defendant's retirement account do not belong to him, but instead belongs to his estranged wife and five children, as the result of a separation agreement that stipulated that those funds would be used for the children's education. (Civil Dkt. Nos. 11 at 1, 12 at 1). However, this claims is directly refuted by the documents filed in state court that both parties submitted as exhibits to their objections. The Judgment of Legal Separation between the defendant and his ex-wife clearly states that the defendant would maintain ownership of and control over his 401(k) retirement account. (Civil Dkt. Nos. 11-1 at 7, 12-1 at 16). Both the defendant and his ex-wife signed this document, attesting to the fact that the respondent (the defendant) would be "awarded [his] share of community property and community debt as listed below[,]" with the 401(k) retirement account at issue clearly listed as the second item of property allocated to defendant. (*Id.*) Both the defendant and his ex-wife signed the document declaring that they knew and understood the terms of the Judgment. (Civil Dkt. Nos. 11-1 at 9, 12-1 at 18).

Furthermore, the child support exemption does not apply because the objecting parties' finalized legal separation was executed after the criminal restitution judgment was entered. The defendant's criminal judgment was signed by Judge McAvoy on September 10, 2018, and the Judgment of Legal Separation was signed by the parties on April 3, 2019, nearly seven months after the government's lien on the defendant's property was perfected. (Compare Judgment of Legal Separation Agreement, Civil

7

Dkt. Nos. 11-1, 12-1 with Judgment, Criminal Dkt. No. 23). As such, the "necessary circumstances [for an exemption] are absent in this particular case . . . because [the separation decree] was obtained long after the Restitution Order entered." *United States v. Corso*, No. 3:05-CR-105, 2016 WL 3349213, at *5 (D. Conn. June 14, 2016) (stating that only "[j]udgments for support of minor children . . . entered prior to the date of levy" are exempt) (citing 26 U.S.C. 6334(a)(8) and 18 U.S.C. § 3613(a)(1)).

The reliance of the defendant and third-party defendant on the child support exemption is directly contradicted by the documentary evidence they submitted and is contrary to the explicit statutory, temporal requirements for that exemption. Thus, they fail to make a colorable claim to an allowed exemption to garnishment and do not claim any of the other very limited grounds that would warrant a hearing. Accordingly, based on the authority cited above, the defendant's objections may be overruled without a hearing.

The objections note that the defendant has been making his minimum restitution payments of $100 per month. (Civil Dkt. Nos. 11 at 1, 12 at 1; Criminal Dkt. No. 23 at 7). However, the existence of this 401(k) retirement account demonstrates that the defendant is not complying with his court-ordered restitution obligation. The judgment specifically states that "[i]f at any time you have the ability to make full or a substantial payment toward restitution, you must do so immediately." (Criminal Docket, Dkt. No. 23 at 7). *See United States v. O'Brien*, 851 F. App'x 236, 240-41 (2d Cir. 2021) (installment payment plan in criminal judgment did not bar District Court from issuing lump sum garnishment order).

8

The defendant has not documented that he lacks the legal ability to satisfy his outstanding restitution balance of just under $200,000 (see Dkt. No. 13-1 at 1) through the liquidation of his $300,000-plus retirement account; and yet he has chosen not pay restitution to the victims of his crime in accordance with the terms of Judge McAvoy's restitution order. Standing in the shoes of the defendant, as the MVRA permits, the government may make an election on his behalf to liquidate defendant's retirement account when he is eligible for a distribution, but has not elected to receive one. *United States v. Shkreli*, 47 F.4th at 73.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the objections of defendant Anthony I. Odimegwu and third-party defendant Ebelechukwu B. Odimegwu to the government's writ of garnishment directed at property of the defendant held by the Vanguard Group, Inc. (Civil Dkt. Nos. 11, 12), be **OVERRULED**, and the related requests of the defendant and third-party defendant for a hearing (*id.*) be **DENIED**, and it is further

**RECOMMENDED**, that, if Senior District Judge McAvoy accepts the prior recommendations, he enter a final order to direct the garnishee as to the disposition of property subject to the writ,[3] and it is

**ORDERED**, that the Clerk of the Court serve copies of this Report-Recommendation on the defendant and third-party defendant, by mail to 26062

---

[3] Counsel for the government has offered to submit a proposed Order of Garnishment, should the court so direct. (Dkt. No. 13 at 13). In presenting such a proposed Order, the government should be prepared to address the impact of any excess of the value of defendant's retirement account over his outstanding restitution balance, any limitations on the defendant's ability to make withdrawals from his account, and any other relevant consequences of the liquidation of the account, including the potential effect of the ten-percent early withdrawal tax. *See Shkreli*, 47 F.4th at 73-76.

Bercaw Ct., Moreno Valley, CA 92555.[4]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**Dated:  June 8, 2023**

Andrew T. Baxter
U.S. Magistrate Judge

---

[4] Third-party defendant Ebelechukwu B. Odimegwu has listed that as her address in her objections (Civil Dkt. No. 12 at 1).  Defendant Anthony I. Odimegwu stated, in his objections, that he was "kind of homeless," but would get mail addressed to him as the Bearcaw Ct. address, and would provide a permanent address "as soon as I get a house."  (Civil Dkt. No. 11 at 1).