**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                     **Plaintiff,**

    vs.                                                   **1:23-CV-340**
                                                            **(TJM/ATB)**

**ANTHONY J. ODIMEGWU,**

                     **Defendant,**

**THE VANGUARD GROUP, INC.,**

                     **Garnishee, and**

**EBELECHUKWU B. ODIMEGWU,**

                     **Third-Party Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

The Court referred this action to Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff United States brought this action as an application for a writ of garnishment against property held by Vanguard Group, Inc., as payment for Defendant Anthony J. Odimegwu's restitution obligations stemming from a criminal conviction in this court. Judge Baxter granted the government's application on March 17, 2023. Vanguard answered that it possessed a 401(k) retirement account containing more than $330,000 in Defendant's name. When

Vanguard answered, the government served the writ, Vanguard's answer, and other process on Defendant and potentially-interested third party, Ebelechukwu B. Odimegwu, Defendant's estranged wife.  Both Defendant and Ebelechukwu Odimegwu filed objections to the writ of garnishment and a request for a hearing on the matter.

Judge Baxter's Report-Recommendation, dkt. # 18, issued on June 8, 2023, recommends that the Court overrule Defendant's and Third-Party Defendant's objections to the writ of garnishment and deny their request for a hearing.   Judge Baxter finds that courts in the Second Circuit and across the country routinely permit garnishment of retirement funds to meet obligations for criminal restitution.  The parties objecting to the writ of garnishment cite only one ground, an exemption related to support of minor children.  Judge Baxter rejects their argument that the money in the retirement account does not belong to Anthony Odimegwu and is thus not subject to garnishment.  Judge Baxter finds that the documents provided by the objecting parties clearly indicate that the funds in question are Anthony Odimegwu's property. Moreover, judgment of restitution was entered before the separation agreement that the objectors point to as the source for their claim of separate property.  Judge Baxter therefore finds that the objectors have not offered a colorable claim that they are permitted an exception to the restitution obligations for that property.

No party objected to the Report-Recommendation.  The time for such objections has passed.  After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons stated therein.

Accordingly:

2

The Report-Recommendation of Judge Baxter, dkt. # 18, is hereby **ACCEPTED** and **ADOPTED**. The objections of Defendant Anthony I. Odimegwu and Third-Party Defendant Ebelechukwu Odimegwu to the government's writ of garnishment directed at property of Defendant held by the Vanguard Group, Inc., dkt. #s 11-12, are hereby **OVERRULED**. Defendant's and Third-Party Defendant's requests for a hearing are hereby **DENIED**. The United States is hereby **DIRECTED** to submit a proposed Order of Garnishment. The government should be prepared to address the impact of any excess value of defendant's retirement account over his outstanding restitution balance, any limitations on the defendant's ability to make withdrawals from his retirement account, and any other relevant consequences of the liquidation of the account, including the potential effect of the ten-percent early withdrawal tax.

**Dated:** August 8, 2023

Thomas J. McAvoy
Senior, U.S. District Judge