U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Oct 20 - 2023

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:23-cv-340 (TJM/ATB) |
| Anthony J. Odimegwu, | |
| Defendant, | |
| and | **FINAL ORDER OF GARNISHMENT** |
| The Vanguard Group, Inc., | |
| Garnishee, | |
| and | |
| Ebelechukwu B. Odimegwu, | |
| Third-Party Defendant. | |

This matter is before the Court for entry of a final order of garnishment, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act, against the substantial nonexempt property belonging to or due the defendant-judgment debtor, Anthony J. Odimegwu.

The United States filed an application for writ of garnishment seeking any substantial nonexempt property belonging to or due Anthony J. Odimegwu, held by The Vanguard Group, Inc., Garnishee. A writ of garnishment was properly served on Garnishee, which filed an answer stating it had in its possession, custody, or control substantial nonexempt property belonging to or due Anthony J. Odimegwu.

The United States served Anthony J. Odimegwu with the writ on or about April 21, 2023, and notified the debtor of the right to a hearing. The United States also served each person whom the United States has reasonable cause to believe has an interest in the property subject to the writ and notified the parties of the right to a hearing.

Having considered the application, writ, and answer, and denying the defendant and third-party defendant's requests for a hearing and the defendant and third-party defendant's objections, the Court finds that the entry of the Final Order of Garnishment is in all respects, proper.

IT IS ORDERED that the Garnishee, The Vanguard Group, Inc., shall liquidate securities and all property or funds of the defendant in which he has an ownership interest, including, but not limited to, any new property of which the Garnishee obtains custody, control, or possession while this Writ is in effect, within 15 days from the date of this order. *See* 28 U.S.C. § 3205(c)(2)(F). The Garnishee shall only liquidate funds as needed to pay the full value of restitution owed in the amount of $196,245.04, and further liquidate funds as needed to pay any deductions required by law, with no withdrawal penalty, to the Clerk of the Court. *See United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal).

Checks should be made payable to:

**CLERK, U.S. DISTRICT COURT**

and mailed to:

**CLERK, U.S. DISTRICT COURT**
100 S. Clinton Street
P.O. Box 7367
Syracuse, N.Y. 13261

Dated: 10/17/~~~~, 2023

**SO ORDERED.**

*Thomas J. McAvoy*
Hon. Thomas J. McAvoy
United States District Judge